UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MY-LINH LE, an individual,<br><br>Plaintiff,<br>v.<br>GEICO CASUALTY COMPANY, DOES 1 through 100, and ROE CORPORATIONS 101 through 200, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01819-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

This case comes before the Court through Defendant Geico Insurance Company's notice of removal. (ECF No. 1.) Plaintiff My-Linh Le filed this action on March 29, 2017, in the Eighth Judicial District Court in Clark County, Nevada, alleging claims against Defendants as Plaintiff's auto insurer.[1] Before the Court is Plaintiff's Motion to Remand (ECF No. 7), which Defendant opposes (ECF No. 11). For the reasons discussed herein, the Court grants Plaintiff's Motion.

**II.    RELEVANT BACKGROUND**

The following facts are taken from the Complaint (ECF No. 1-1). Plaintiff alleges that on March 2, 2016, he was involved in an automobile accident where the other driver ("Driver"), who was under insured, failed to follow Nevada's traffic laws. Plaintiff sustained injuries in excess of the Driver's under insured motorist insurance policy

---

[1] The Complaint references Progressive. (ECF No. 1-1 at 4.) Defendant asserts that it is erroneously named as Geico Casualty Company. (ECF No. 11 at 1.)

limits. Plaintiff received a tender up to that policy limit. Plaintiff has made demands for benefits under his under insured motor portions of his policy with Defendant, who failed to provide sufficient compensation.

Plaintiff alleges three claims for breach of contract, breach of the implied covenant of good faith and fair dealing and unfair claims practice in violation of NRS § 686A.310. Plaintiff seeks general and special damages in excess of $10,000.00, as well as punitive damages and attorney's fees and costs.

### III.     DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000.00, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-

judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

Plaintiff states that "Plaintiff has never expressly asserted that the value of her claim exceeds $75,000.00 as required by 28 U.S.C. § 1332." (ECF No. 7 at 2.) According to Plaintiff, he incurred about $30,877 in medical expenses, the Driver's auto insurance policy tendered the under insured policy limit of $15,000.00, and Plaintiff's under insured motorist coverage with Defendant carries a limit of $50,000.00. (*Id.* at 2.) Defendant counters that the allegations in the Complaint demonstrate that Plaintiff seeks damages in excess of $75,000.00. Defendant argues that the jurisdictional limit is reached by adding up the total for the three claims: $50,000.00 for the breach of contract claim; and a total of $30,000.00 (based upon the state district court's jurisdictional limit now exceeding $15,000.00) for the remaining two claims.

Defendant's arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000.00. The allegations in the Complaint do not support Defendant's arguments. Plaintiff does not seek $50,000.00 in damages for the breach of contract claim. The only amount indicated in the Complaint is an amount in excess of $10,000.00. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

///

Defendant must overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Defendant has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court holds that it does not have jurisdiction to hear this claim.

**IV.    CONCLUSION**

It is therefore ordered that Plaintiff's Motion to Remand (ECF No. 7) is granted. The Clerk is instructed to close this case.

DATED THIS 7th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE